# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov |



Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06109 | ( 860 ) 548 – 2700 | 03/16/2021 |

| [X] Judicial District    G.A.<br>[ ] Housing Session   [ ] Number: ___ | At (City/Town)<br>Hartford J.D. at Hartford | Case type code (See list on page 2)<br>Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Rome McGuigan, P.C., 1 State Street, 21st Fl. Hartford, CT 06103 | Juris number (if attorney or law firm)<br>027726 |
|---|---|
| Telephone number<br>( 860 ) 549 – 1000 | Signature of plaintiff (if self-represented) | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    [X] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)
nfavreau@rms-law.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Caeden Winborne ppa Karen Hurdle<br>Address: 4 Hampden Place, Windsor, CT 06095 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: The Franklin Academy, Incoporated<br>Address: 140 River Road, East Haddam, CT 06423 | D-01 |
| Additional defendant | Name: Albert Frederick Weissbach III<br>Address: 140 River Road, East Haddam, CT 06423 | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>02/02/2021 | Signed (Sign and select proper box)<br>*/s/* | [X] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>**Nathan C. Favreau** |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

Page 1 of 2

Rome McGuigan, P.C. • One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000 • (860) 724-3921 fax • Juris No. 27726

| | |
|---|---|
| RETURN DATE: MARCH 16, 2021 | JUDICIAL DISTRICT OF HARTFORD |
| CAEDEN WINBORNE PPA KAREN HURDLE | AT |
| V. | HARTFORD |
| FRANKLIN ACADEMY, INC. and FREDERICK WEISBACH | FEBRUARY 2, 2021 |

## COMPLAINT

1. Plaintiff, Caeden Winborne is a minor child and resident of the Town of Windsor, Connecticut ("Plaintiff" or "Caeden").

2. Plaintiff Karen Hurdle ("Hurdle") is Caeden's mother and legal guardian, and a resident of the Town of Windsor, Connecticut. She brings this action as Caeden's next friend.

3. The Defendant, The Franklin Academy, Incorporated ("Franklin"), is a corporation organized and existing under the laws of the State of Connecticut.

4. The Defendant, Albert Frederick Weissbach III ("Weissbach"), is an individual who resides in East Haddam, CT. At all relevant times, Weissbach was the headmaster of Franklin.

5. Franklin is a co-ed college preparatory boarding school serving students in grades 8-12 as well as post-graduate students. Franklin's primary mission is to provide a specialized education to adolescents and young adults with nonverbal learning disabilities and autism spectrum disorders. Franklin is designated as a 26 U.S.C. 501(c)(3) non-profit organization.

6. Franklin is a place of public accommodation as defined by 42 U.S.C. § 2000a and Conn. Gen. Stat. §46a-64.

1

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax • Juris No. 27726

7. At all relevant times, Caeden was in 9th grade, and 14 to 15 years old. He was accepted to attend boarding school at Franklin in or about November 2018.

8. On November 6, 2018, Hurdle moved Caeden in to his into his dormitory on Franklin's campus. As they were unpacking, a student approached Caeden and said to him, "Just so you know, you're the only black kid here." That student further went on to say, "Every black male has stayed in your room, and they're no longer here." Surprised by the comments, Hurdle reported the comments to Franklin's administration officials, Ms. Chelsea Lazos, who was Franklin's residential dean for a group of students that included Caeden, and Ms. Rebecca Hayes, who was Franklin's program director.

9. On various dates while enrolled at Franklin, Caeden showed an interest in recycling. Often, Caeden separated recycling items from the trash. When some of the other students saw Caeden doing so, they said that he looked like a "raccoon" who was "going through the trash." Other students remarked that "black people eat trash" and "black people have sex with the trash can." They referred to Caeden as a "coon." Caeden and Hurdle reported those incidents to Franklin's staff, including Ms. Lazos.

10. On or about January 15, 2019, another student named Mark Hally, walked by Caeden's room. Mark yelled, "Hey, it's the black boy," before slamming Caeden's door shut. At the same time, another classmate, Nate Bias, called Caeden the "n-word." Caeden came out of his room and went into another student's room where Mark and Nate gathered. Caeden confronted them. A Franklin staff member, Roberto Padua, heard the interaction and pulled Caeden out of the room. Both Roberto and Caeden reported the incident to Ms. Lazos.

2

11. On or about January 17, 2019, during a class break Caeden reported to a Franklin staff member, Ariel Ford, that another student made an offensive joke about Caeden. In a conversation with Caeden, Ms. Ford, and the other student, the other student admitted to making the joke.

12. On January 24, 2019, Hurdle met with Franklin's staff to discuss the ongoing incidents between Caeden and other students. In addition to Hurdle, Weissbach, Ms. Hayes, and Christine Levine, Caeden's social worker, attended the meeting at Franklin. At the meeting, Hurdle and Ms. Levine expressed their concerns for Caeden's safety at Franklin and requested that the school implement greater supervision of the students to ensure their safety. Weissbach refused to provide additional supervision allegedly due to the cost to do so.

13. On January 29, 2019, Caeden reported to a Franklin staff member, Jill Howard, that Mark Hally and another student were body checking him and being very aggressive during a hockey life sport.

14. On February 27, 2019, Caeden, and two other students, Maya Gainty and Ian Falconi, were involved in a verbal altercation in the dining hall at Franklin.

15. On March 3, 2019, students from Team C called a Franklin Staff member, Kristen Humiston, to report yelling and violence between Caeden, and two other students, Nate Bias and Teddy Goodman.

16. On March 14, 2019, Caeden had a verbal altercation with Teddy Goodman. Trey Lauro, a student at Franklin entered the verbal altercation with Caeden. Caeden was holding a plastic water bottle which he motioned towards Trey Lauro in an attempt to spray him with water. In response Trey Lauro kicked and punched Caeden.

3

While Caeden and Trey Lauro were grappling, Nate Bias approached, grabbed Caeden and slammed Caeden's head in to the adjacent wall causing Caeden to fall to the ground (hereinafter referred to as the "Fight").

17. The Fight was recorded on a video camera, which was installed by Franklin after Caeden matriculated but before the Fight. A copy of the video of the Fight is attached hereto as **Exhibit A**.

18. After the Fight, on March, 14, 2019, Caeden was taken to the nurse's office at Franklin where he waited two and half (2 ½) hours for Franklin staff to contact Hurdle to request that she pick up Caeden from the school. Despite evident injuries, Franklin staff did not seek professional medical attention for Caeden.

19. After the Fight, on March, 14, 2019, Hurdle had to insist that Franklin staff take Caeden to the emergency room for treatment on the basis that she was concerned Caeden had sustain head injuries.

20. After the Fight, on March, 14, 2019, Caeden was seen at the Middlesex Emergency Room where he was diagnosed with a concussion as well as lacerations on his arms and upper body.

21. Franklin's website states "[t]he foundation of Franklin Academy is a safe and welcoming environment in which every student feels secure, connected, and understood."[1]

22. Caeden was expelled from enrollment at Franklin.

23. Franklin owed a duty to provide a safe school environment for its students.

---

[1] https://fa-ct.org/, last accessed on September 10, 2020.

4

24. On various dates while enrolled at Franklin, Caeden was disciplined more often and more harshly than other students who engaged in similar activities and conduct as Caeden.

25. On July 31, 2019, Plaintiffs filed a complaint with the Commission on Human Rights and Opportunities ("CHRO") concerning the facts stated herein.

26. On November 3, 2020, CHRO issued a release of jurisdiction at the request of the Plaintiff. This action was commenced within ninety (90) days of the release of jurisdiction by CHRO.

**FIRST COUNT**: (DISCRIMINATION - VIOLATION OF 42 U.S.C. §2000a AS TO FRANKLIN ACADEMY, INC.)

1-26. Paragraphs 1-26 are incorporated herein as Paragraphs 1-26 of this First Count as if more fully set forth herein.

27. Franklin intended to, and did, discriminate based on Caeden's race and/or national origin.

28. Caeden had and has the right to full and equal enjoyment of Franklin's business establishment, a place of public accommodation generally open, and solicited to, the public.

29. Caeden was discriminated against on the basis of his race after Franklin denied him equal services by not doing more to discourage and prevent repeated acts of race based bullying, and by subjecting Caeden to more frequent and harsher discipline than other students engaged in similar conduct.

30. By denying Caeden the full and equal enjoyment of the services of a place of public accommodation on the basis of his race and national origin, Franklin violated 42 U.S.C. §2000a.

5

31. As a result of Franklin's unlawful actions as described above, Caeden has suffered, continues to suffer, and will in the future suffer irreparable loss and injury, including, but not limited to, emotional distress, humiliation, embarrassment, strain on relationships, and unlawful deprivation of his federally protected rights in places of public accommodation without regard for race or national origin.

**SECOND COUNT**: (DISCRIMINATION - VIOLATION OF 42 U.S.C. §1981 AS TO FRANKLIN ACADEMY, INC.)

1-26. Paragraphs 1-26 are incorporated herein as Paragraphs 1-26 of this Second Count as if more fully set forth herein.

27. Franklin intended to, and did, discriminate based on Caeden's race and/or national origin.

28. Franklin discriminated against Caeden by intentionally interfering with his ability to perform and enjoy the benefits, privileges, terms and conditions of his contractual relationship with Franklin, which treated Caeden dissimilarly from other students when Franklin expelled him from its institution on the basis of race and national origin in violation of 42 U.S.C. §1981.

29. As a result of the Franklin's unlawful actions as described above, Caeden has suffered, continues to suffer, and will the future suffer irreparable loss and injury, including, but not limited to, emotional distress, humiliation, embarrassment, strain on relationships, and unlawful deprivation of his federally protected rights in places of public accommodation without regard for race or national origin.

**THIRD COUNT**: (NEGLIGENCE AS TO FRANKLIN ACADEMY, INC.)

1-26. Paragraphs 1-26 are incorporated herein as Paragraphs 1-26 of this Third Count as if more fully set forth herein.

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax • Juris No. 27726

27. Franklin breached its duty of care in that it:

   a. failed to provide a safe environment through its officials, employees and agents despite Caeden's expectations and reliance that it would do so;

   b. failed to maintain a safe and secure environment under circumstances where Franklin knew or should have known that conditions existed that created an unreasonable risk of harm to Caeden;

   c. failed to properly supervise its students, although in the exercise of reasonable care, it could and should have done so;

   d. failed to properly train, supervise, control or otherwise instruct its employees on the proper procedures to ensure Caeden received proper medical care after the Fight.

28. As a result of the negligence and carelessness of Franklin, through the negligence of its agents, employees and officials, Caeden was injured and sustained injuries including:

   a. concussion;

   b. lacerations and bruising;

   c. psychological injury;

   d. trauma; and

   e. anxiety, panic and fear.

29. As a consequence of the negligence and carelessness of Franklin, Caeden's disability has worsened and he fears future acts of violence at the hands of

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax • Juris No. 27726

7

his peers. Caeden will require years of therapy and treatment to recover from his injuries. Some of the aforementioned injuries or the effects thereof are likely to be permanent.

**FOURTH COUNT : (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AS TO FRANKLIN ACADEMY, INC.)**

1-26. Paragraphs 1-26 are incorporated herein as Paragraphs 1-26 of this Fourth Count as if more fully set forth herein.

27. Franklin's conduct, as aforesaid, created an unreasonable risk of causing Caeden emotional distress.

28. Caeden's emotional distress was foreseeable.

29. Said emotional distress was severe enough that it might result in illness or bodily harm.

30. Franklin's conduct, as aforesaid, was a direct and proximate cause of Caeden's emotional distress.

**FIFTH COUNT: (RECKLESSNESS AS TO FRANKLIN ACADEMY, INC.)**

1-26. Paragraphs 1-26 are incorporated herein as Paragraphs 1-26 of this Fifth Count as if more fully set forth herein.

27. The severe, permanent, and disabling injuries to the Caeden as described herein were directly and proximately caused by the recklessness and wanton misconduct of Franklin in one or more of the following ways:

   a) Franklin was aware of the racially charge atmosphere on campus and the high degree of probability that other students may use violence against Caeden. Despite said knowledge, Franklin

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax • Juris No. 27726

8

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000 • (860) 724-3921 fax • Juris No. 27726

placed Caeden in situations where violence was foreseeable and likely to occur.

b) Despite numerous incidents of racially motivated aggressiveness displayed by multiple students against Caeden on campus, and Hurdle's multiple complaints to Franklin's agents, servants and or employees warning of the imminent danger to Caeden, Franklin recklessly placed Caeden in an environment where Franklin knew there was a high probability of violence.

28. As a direct and proximate result of the reckless and wanton misconduct of Franklin, through the reckless, wanton and wilful acts of its agents, employees and officials, Caeden was subjected to the Fight and he sustained injuries including:

a) concussion;

b) lacerations and bruising;

c) psychological injury;

d) trauma; and

e) anxiety, panic and fear.

29. As a consequence of the recklessness of Franklin, Caeden's disability has worsened and he fears future acts of violence at the hands of his peers. Caeden will require years of therapy and treatment to recover from his injuries. Some of the aforementioned injuries or the effects thereof are likely to be permanent.

**SIXTH COUNT**: (BATTERY AS TO ALBERT FREDERICK WEISSBACH III)

1-26. Paragraphs 1-26 are incorporated herein as Paragraphs 1-2 of this Sixth Count as if more fully set forth herein.

9

27. On April 11, 2019, Caeden went to Weissbach's office to discuss with him the resolution of the Fight.

28. Weissbach refused to discuss the Fight with Caeden and asked Caeden to leave. When Caeden continued to ask questions, Weisbach became irate and loud stating "get the hell out of my office!".

29. Weissbach grabbed Caeden by his shoulder and pushed Caeden out of his office.

30. As a direct and proximate result of the reckless, wilful and wanton conduct of Weissbach, Caeden suffered mental and emotional anguish, nervousness, increased heart rhythm, shortness of breath and increased blood pressure, some or all of which are likely to be permanent in nature.

31. As a further result of the reckless, wilful and wanton conduct of Weissbach, the Plaintiff has been and will be unable to engage in personal and family leisure and social activities as he did prior to the incident, all of which has and will cause him loss and damage.

WHEREFORE, Plaintiff prays for damages as follows:

**With respect to the First and Second Counts:**

1. Compensatory damages;
2. Punitive Damages;
3. Attorney fees and costs;
4. Post-Judgment Interest; and
5. Such other relief as the court may deem just and proper

**With respect to the Third and Fourth Counts:**

1. Compensatory damages;
2. Post-Judgment Interest; and
3. Such other relief as the court may deem just and proper.

**With respect to the Fifth and Sixth Counts:**

1. Compensatory damages;
2. Punitive Damages;
3. Attorney fees and costs;
4. Post-Judgment Interest; and
5. Such other relief as the court may deem just and proper.

PLAINTIFFS, CAEDEN WINBORNE PPA
KAREN HURDLE

By _____
A. Ryan McGuigan, Esq.
Nathan C. Favreau, Esq.
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103-3101
860-549-1000
Juris No.: 27726

19973-1/MX2215

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax • Juris No. 27726



RETURN DATE: MARCH 16, 2021 : JUDICIAL DISTRICT OF
: HARTFORD
CAEDEN WINBORNE PPA
KAREN HURDLE : AT

V. : HARTFORD

FRANKLIN ACADEMY, INC. and
FREDERICK WEISBACH : FEBRAURY 2, 2020

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiffs, Caeden Winborne PPA Karen Hurdle, hereby state that the amount in demand is greater than $15,000.00 exclusive of interest and costs.

PLAINTIFFS, CAEDEN WINBORNE PPA
KAREN HURDLE

By _____
A. Ryan McGuigan, Esq.
Nathan C. Favreau, Esq.
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103-3101
860-549-1000
Juris No.: 27726



Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax • Juris No. 27726

13